UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK R. REYNOLDS, III,

                              Petitioner,        CRIMINAL CASE NO. 96-50001
                                                      CIVIL CASE NO. 05-40100
v.

UNITED STATES OF AMERICA,            HONORABLE PAUL V. GADOLA
                                                      U.S. DISTRICT COURT
                              Respondent.
_____/

## **ORDER GRANTING PETITIONER'S 2005 MOTION UNDER 28 U.S.C. § 2255**

      Before the Court is Petitioner's motion to vacate sentence pursuant to 28 U.S.C. § 2255, filed on March 25, 2005. The following facts are taken from *Reynolds v. United States*, 64 Fed. Appx. 508, 509 (6th Cir. 2003):

> In 1982, Frank Reynolds was convicted for activities related to a marijuana distribution scheme involving tons of marijuana and millions of dollars. Reynolds arranged for individuals to transport the marijuana from Florida and elsewhere to Michigan. He was convicted of operating a continuing criminal enterprise in violation of 21 U.S.C. § 848, convicted of conspiring to obstruct the Internal Revenue Service in violation of 18 U.S.C. § 371, and convicted of three counts of tax evasion in violation of 26 U.S.C. § 7201.
>
> The district court sentenced Reynolds to ten years of imprisonment on the § 848 conviction and five years on each remaining count to be served concurrently. This court affirmed Reynolds's judgment of conviction and sentence. *United States v. Griffith*, 756 F.2d 1244 (6th Cir. 1985). Reynolds, however, failed to report for service of his sentence and was not arrested until November 2, 1987, whereupon he began serving his ten-year sentence. On January 19, 1988, he pleaded guilty to failure to report for sentencing and received a four-year sentence to be served consecutively to the ten-year sentence.
>
> On May 30, 1995, Reynolds was paroled. On January 5, 1996, he was arrested and charged with conspiracy to distribute marijuana. He pleaded guilty and was sentenced [on January 14, 1997] to five years of imprisonment [and 10 years supervised release]. On May 12, 2000, Reynolds was released to supervised release

> from the conspiracy to distribute offense but immediately began serving a sentence for violating his parole on the 1982/1988 convictions. On December 1, 2000, Reynolds was again released on parole for the 1982/1988 convictions with a parole termination date of October 13, 2006.

*Reynolds*, 64 Fed. Appx. at 509. When Petitioner was sentenced in 1997, his 1982 conviction for continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848 was used to calculate his criminal history category under the sentencing guidelines, resulting in a harsher penalty than if it had not been considered.

On February 29, 2000, Petitioner filed a motion to vacate under 28 U.S.C. § 2255 seeking vacatur of his 1982 CCE conviction in light of *Richardson v. United States*, 526 U.S. 813 (1999) and *Murr v. United States*, 200 F.3d 895 (6th Cir. 2000). In an order issued contemporaneously with this order, the Court granted Petitioner's 2000 motion, vacated Petitioner's CCE conviction, and ordered Petitioner to be resentenced. In his 2005 motion to vacate, the motion currently before the Court, Petitioner argues that his sentence for the 1997 conviction for conspiracy to distribute marijuana was improperly enhanced based on his prior conviction for CCE and should therefore be vacated. The Court agrees.

The Court is cognizant of the fact that Petitioner's 2005 motion to vacate was filed well outside the period of limitation provided by 28 U.S.C. § 2255, which in this instance would have been one year from June 1, 1999, the date the Supreme Court decided *Richardson*. *See* 28 U.S.C. § 2255 ¶6(3). Nevertheless, the Court finds that this period of limitation should be equitably tolled. *See Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001) ("[T]he one-year statute of limitations in § 2255 is subject to equitable tolling."). Particularly, the Court finds that Petitioner was diligent in pursuing his rights when he filed his 2000 motion to vacate; the prejudice to Respondent is minimal, given that Petitioner's sentence was improperly enhanced and he has already

served much of it; and Petitioner's 2005 motion to vacate involves only the enhancement of the 1997 sentence, an issue not nearly as apparent as the legality of the predicate offense used to enhance the 1997 sentence. *See id.* at 1008-10 (relying on the test set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), to determine whether equitable tolling is appropriate).

Accordingly **IT IS HEREBY ORDERED** that Petitioner's motion to vacate [docket entry 270] is **GRANTED** and his sentence imposed for conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 is **VACATED**.

**IT IS FURTHER ORDERED** that Petitioner shall be **RESENTENCED**: the probation department shall create another presentencing report taking into account the vacatur of Petitioner's 1982 conviction for continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848, and counsel shall be appointed to represent petitioner during his resentencing, to take place at a time and date set by this court.

**SO ORDERED.**

Dated:   May 16, 2006                               s/Paul V. Gadola
                                                    HONORABLE PAUL V. GADOLA
                                                    UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   May 17, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                                         Mark C. Jones            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:       Frank R. Reynolds, III                        .

                                                                s/Ruth A. Brissaud
                                                                Ruth A. Brissaud, Case Manager
                                                                (810) 341-7845