UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Frank R. Reynolds, III,

    Petitioner,

v.                                              Cr. Case No. 96-50001
                                               Civil Case No. 05-40100

United States of America,

                                               Honorable Sean F. Cox

    Respondent.
_____/

## OPINION & ORDER
## DENYING § 2255 MOTION AND
## DENYING MOTION FOR RETURN OF FINE

This matter is currently before the Court on two motions filed by Petitioner Frank R. Reynolds: 1) a § 2255 Motion, filed by Reynolds on March 24, 2005; and 2) a Motion to Return Fine, filed by Reynolds on February 27, 2008. For the reasons that follow, the Court shall deny both motions.

BACKGROUND

In Criminal Case No. 96-50001, originally assigned to the Honorable Paul V. Gadola, Defendant Frank R. Reynolds ("Reynolds") was charged with marijuana conspiracy in violation of 21 U.S.C. § 846. Following his guilty plea, on January 29, 1997, Reynolds was sentencing by Judge Gadola to a term of imprisonment of 60 months; a term of supervised release of ten years; and a $15,000.00 fine. (Docket Entry No. 177).

After completing his term of imprisonment, on March 24, 2005, Reynolds filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence. (Docket Entry No. 270). Without ordering a response to the motion from the Government, Judge Gadola granted the § 2255

motion in an order dated May 16, 2005 (Docket Entry No. 271) and issued a judgment vacating his sentence (Docket Entry No. 272).

The Government then filed a Motion for Reconsideration, which was granted by Judge Gadola on June 26, 2006. (Docket Entry No. 280). Judge Gadola's June 26, 2006 Order vacated his May 16, 2006 order granting § 2255 relief and the May 16, 2006 judgment. It further ordered the Government to file a response to the § 2255 motion within thirty days of the order and ordered Reynolds to file a reply brief within fourteen days of service of same. (*Id*.). Judge Gadola also issued an order appointing a federal defender for Reynolds. (Docket Entry No. 277).

The Government filed its response to the § 2255 motion on July 5, 2006 (Docket Entry No. 281), and Reynolds filed his reply on July 5, 2006, through his appointed counsel. (Docket Entry No. 282). Although the briefing with respect to the § 2255 motion was completed on July 5, 2006, the docket reflects that no formal ruling has been made by Judge Gadola with respect to that pending motion. On March 19, 2007, however, a Report and Order terminating Reynolds's supervised release was issued. (Docket Entry No. 283).

On February 27, 2008, Reynolds filed a *pro se* "Motion for Return of Fine." (Docket Entry No. 284). The Government filed a response brief in opposition to that motion on March 17, 2008. (Docket Entry No. 285). Reynolds did not file a reply brief and the time period for doing so has now passed. Thus, the Motion for Return of Fine is also ready for a decision by the Court.

On June 11, 2008, this action was reassigned to this Court. (Docket Entry No. 286).

ANALYSIS

A.  The § 2255 Motion:

When Reynolds filed his March 24, 2005 § 2255 motion, he had already served his prison sentence. By virtue of his motion, however, Reynolds sought to have the Court reduce his ten-year term of supervised release, which he was still serving at that time.

In its July 5, 2006 Response Brief filed in opposition to the motion, the Government noted that the only relief that could be afforded to Reynolds would be if the Court were to vacate the balance of his ten-year term of supervised release. (Docket Entry No. 281 at 2). The Government acknowledged that, given the circumstances, the import of any re-sentencing would not be momentous. Nevertheless, it opposed the motion on several grounds, including that Reynolds had waived the right to file a § 2255 motion in his Rule 11 Plea Agreement.

The Court need not address the merits of those arguments, however, because the motion is now moot. The docket reflects that on March 19, 2007, a Report and Order terminating Reynolds's supervised release prior to its original expiration was issued. (Docket Entry No. 283).

Accordingly, the Court shall DENY the § 2255 motion as moot.

B.  The Motion for Return of Fine:

In this motion, Reynolds asserts that he has paid a total of $2,795.00 towards his $15,000.00 fine. Reynolds asks this Court to issue an order returning that money to him because Judge Gadola vacated his sentence, including his fine, by virtue of his May 16, 2006 order. As the Government correctly notes in its response brief, however, Judge Gadola subsequently vacated his May 16, 2006 Order and Judgment (*see* Docket Entries No. 271 & 272). Thus, Judge

Gadola's January 29, 1997 judgment remains as the judgment in this action.

Accordingly, the Motion for Return of Fine shall be denied for lack of merit.

CONCLUSION & ORDER

For the reasons above, IT IS ORDERED that the § 2255 motion (Docket Entry No. 270) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the Motion for Return of Fine (Docket Entry No. 284) is DENIED.

IT IS SO ORDERED.

                                                S/ Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Date: July 9, 2008

I hereby certify that on July 9, 2008, a copy of the foregoing document was served upon counsel of record by electronic means and by First Class Mail upon:

Frank R. Reynolds, III
P. O. Box 3070
Basalt, CO 81621

                                                S/ J Hernandez
                                                Deputy Clerk